FILED
CLERK
8/24/2018 2:30 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IEASHA MEKHI,

                Plaintiff,

      v.

AREA STORAGE & TRANSFER, INC. and
MARIO A. TORRE,

                Defendants.
-----------------------------------------------------------X

**ORDER**
18-cv-4654 (SJF) (AYS)

FEUERSTEIN, District Judge:

On August 17, 2018, Defendant Area Storage & Transfer, Inc. ("Area Storage") filed a notice to remove this action from the Supreme Court of New York, Nassau County based on the diversity of citizenship of the parties. *See* Notice of Removal ("Notice"), Docket Entry ("DE") [1]. For the reasons set forth below, the Court determines *sua sponte* that it lacks subject matter jurisdiction over the case and remands it to state court.

## I. BACKGROUND

Plaintiff Ieasha Mekhi ("Plaintiff") commenced this action on or about July 18, 2018 alleging claims related to a motor vehicle accident. *See* Complaint ("Compl."), Ex. A to Notice, DE [1-3]. Area Storage claims that it was served on or about August 3, 2018. Notice, ¶5. It further claims that its co-defendant, Mario A. Torre ("Torre"), had yet to be served at the time of removal.

Area Storage claims that this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332, stating that it is a Pennsylvania corporation with its principal place of business in that state, that Torre is a citizen of New York, and that Plaintiff is a citizen of New Jersey. Notice, ¶14. It further claims that the amount in controversy is sufficient to satisfy

§1332 because "there is a 'reasonable probability' that Plaintiff's claim is in excess of the jurisdictional limit of $75,000, exclusive of interest and costs." *Id.* ¶13.

## II. DISCUSSION

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). While a motion to remand on procedural grounds must be done within thirty (30) days of the filing of the notice of removal, the court may *sua sponte* remand the case at any time when it finds it does not have subject matter jurisdiction. *See* 28 U.S.C. §1447(c); *see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). As the purported source of this court's jurisdiction is diversity, defendant must establish that there is diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). As to citizenship, the allegations of the complaint are sufficient to establish diversity for the purpose of this analysis.

As to the amount in controversy, Area Storage must establish "that it appears to a 'reasonable probability' that the claim is in excess of statutory jurisdictional amount." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) (quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). An amount stated on the face of the complaint raises a rebuttable presumption that this amount "is a good faith representation of the actual amount in controversy." *Scherer,* 347 F.3d at 397 (internal quotation marks and citation omitted); *see also* 28 U.S.C. §1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "[I]f the

2

jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

The complaint here does not specify the damages sought since New York law prohibits statements regarding "the amount of damages to which the pleader deems himself entitled" in a personal injury action. N.Y. C.P.L.R. §3107(c). Plaintiff alleges "serious injury" as that term is defined by §5102 of the New York Insurance Law, and generally claims that she "has suffered and will continue to suffer, pain and agony in mind and body," resulting in damage "in the sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction." Compl. ¶¶17,18. Area Storage notes that since Plaintiff has alleged "serious injury" within the meaning of New York Insurance Law §§5102(a) and 5104(a), she is seeking damages in excess of $50,000 for economic loss, plus pain and suffering. Notice ¶11. Coupling this threshold economic loss with Plaintiff's generalized allegation of pain and suffering, Area Storage summarily concludes that "[c]onsequently, there is a reasonable probability" that the amount in controversy exceeds $75,000. *Id.* ¶13. The Court disagrees.

Area Storage's arguments are speculative and are extrapolated from boilerplate allegations of injury. In considering whether remand is appropriate, "boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction." *Herrera v. Terner,* 16-cv-4610, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016); *see also Duncan v. Crawford,* No. 16 CV 4699, 2016 WL 4919891, at *2 (E.D.N.Y. Sept. 14, 2016) (case remanded where neither complaint nor notice contained

information "specifying the exact nature and extent of Plaintiffs' injuries, or the treatment they have received, that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied"); *Noguera v. Bedard*, No. 11-CV-4893, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding "serious injury" complaint that contained only boilerplate allegations of injuries and notice did not "particularize[] or amplify[y] in any way the extent of plaintiff's injuries or damages"). Defendant has provided no other basis upon which the Court can conclude that the jurisdictional limit has been met. Given its conclusory assertions and the lack of any detail regarding Plaintiff's specific damages, there is simply insufficient information to "intelligently ascertain removability." *DeMarco v. MGM Transp., Inc.,* No. CV 06-0307, 2006 WL 463504, at *1 (E.D.N.Y. Feb. 24, 2006) (quotation marks and citations omitted). As this Court lacks subject matter jurisdiction, remand is required.

    Area Storage is not without recourse. Although New York law prohibits inclusion of an *ad damnum* clause in a personal injury complaint, it also allows a defendant to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. §3107(c). A plaintiff is required to provide the supplemental demand within fifteen (15) days of the request, and may be compelled by the court to comply. *Id.* The Second Circuit, recognizing a defendant's dilemma where the complaint fails to specify the amount of damages sought has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of money damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam). Defendant should have availed itself of the supplemental demand procedure rather than prematurely removing the action to this court.

### III. CONCLUSION

For the reasons set forth above, this case is remanded to New York State Supreme Court, Nassau County, under Index No. 609568/2018.

**SO ORDERED**.

    /s/
Sandra J. Feuerstein
United States District Judge

Dated: August 24, 2018
       Central Islip, New York